Memorandum. The order should be reversed and the information dismissed on the ground that the People failed to establish, beyond a reasonable doubt, the defendant’s guilt of disorderly conduct, resisting the arrest of her brother or her own arrest. There was insufficient evidence that the defendant in any way resisted her own arrest effected outside the building. As regards the charge that she resisted her brother’s arrest, we particularly note that the People made no effort, as is required by the statute (Penal Law, § 205.30; see, e.g., People v Stevenson, 31 NY2d 108), to prove what was the basis for the underlying arrest, and when the defendant herself attempted to determine this the prosecutor’s objection was sustained. On this appeal the People suggest several hypotheses which might explain why the officer acted as he *765 did; however, speculation and conjecture are no substitute for proof beyond a reasonable doubt. Similarly the police officer’s testimony as to what he said to the defendant was entirely too ambiguous to support the court’s finding, beyond a reasonable doubt, that she was guilty of disorderly conduct for failing to comply with a lawful order to disperse (Penal Law, § 240.20, subd 6).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.